NELSON, J. for the Panel.
The matter being appealed is the dismissal by the trial court of the appellant’s claim against the appellees in their capacity as employees of the Bureau of Indian Affairs (hereinafter BIA). Grounds for the dismissal are that the tribal court is without jurisdiction to hear claims against BIA employees acting within the scope of their duties. We affirm and deny the appeal.

INITIAL HEARING

The purpose of an initial hearing is to determine whether a limited appeal on the law or facts is warranted; whether a new trial should be granted; or whether the appeal should be denied or dismissed. COACR 12(a)(l)(2)(3). In considering an appeal this court determines whether the trial court had jurisdiction, that is, the legal authority, to hear a matter before the court.

ISSUE

The primary issue before the Court is whether this Court has jurisdiction to hear this matter. Jurisdiction defines the powers of courts to inquire into facts, apply the law, make decisions, and declare judgment. Police Com’r of Boston v. Municipal Court of Dorchester Dist., 374 Mass. 640, 374 N.E.2d 272, 285. Jurisdiction is defined in the Tribes’ Law and Order Code. Section 1-1-71 states:
The jurisdiction invoked by this Code over any person, cause of action or subject shall be exclusive and shall preempt any jurisdiction of the United States, any state, or any political subdivision thereof; except in those instances in which federal law provides otherwise. This Code does not recognize, grant or cede jurisdiction to any other political or *124 governmental entity in which jurisdiction does not otherwise exist in law. Emphasis added.
Tribal courts have no legal authority to “enjoin the work of any federal agent or employees in the performance of his duties”. U.S. v. White Mountain Apache Tribe, 784 F.2d 917 (9th Cir.1986). The court in White Mountain Apache goes on to state:
“The Tribe’s own sovereignty does not extend to preventing the federal government from exercising its superior sovereign powers. See [Arizona v.] San Carlos, 463 U.S. at [545,] 571[, 103 S.Ct. 3201, 77 L.Ed.2d 837 (1983)] (“tribes retain ... their historical sovereignty not ‘inconsistent with the overriding interests of the National Government.’ ”) (quoting Washington v. Confederated Tribes, 447 U.S. 134, 153, 100 S.Ct. 2069, 65 L.Ed.2d 10 (1980)). The district court was accordingly correct in concluding that the Tribe was without authority to restrict federal officials in their conduct of official business on the Reservation. United States v. White Mountain Apache Tribe, 604 F.Supp. at 466; see also United States v. Blackfeet Tribe, 369 F.Supp. 562, 564-65 (D.Mont.1973) United States v. Blackfeet Tribe, 364 F.Supp. 192, 194-94 (D.Mont.1973). This conclusion holds regardless of the merits of the Tribe’s charges that the officials were conducting their official business improperly.”
It clearly follows that the trial court was without legal authority to hear the claims of the Appellants against BIA employees in the performance of their duties.

GUIDANCE

It is not unusual in Indian Country for tribal members to find complaint against the U.S. government or its employees. It is also not unusual for those tribal members to seek redress in their respective tribal courts. The panel deems it appropriate to offer instruction to those seeking-such redress.
As with almost all legal matters, it is imperative to seek legal counsel. A person representing himself is almost always without the necessary knowledge or expertise to go forward with his complaint in a meaningful way.
Unfortunately, many tribal members are without resources to hire legal assistance. They may find it through publieally funded legal services for the indigent or through legal services offered through law school clinics. E.g. The Indian Law Program at the University of Gonzaga School of Law.
Should a tribal member not afford or be eligible for legal assistance, he or she may pursue a claim on their own. This is ill-advised although not unknown. It takes many hours of research, most of which proves unproductive. It is also a one-sided battle. A court must deal with complete impartiality with those who come before it. The fact that one party is represented by an attorney or several attorneys and the other has none does not sway the court one way or the other. It deals with facts and the law, not who represents the parties.
Complex matters such as contract interpretations, real property issues, and testamentary interpretations are examples of cases where attorneys should be involved. The case before us in one of those. We strongly urge the Appellants to seek legal counsel should they decide to pursue their claim in an appropriate jurisdiction.

CONCLUSION

For the foregoing reasons, the appeal in this matter should be denied.
*125 IT IS THEREFORE ORDERED THAT the appeal of Clinton J. Nicholson and Lisa D. Nicholson-True is DENIED.